IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Respondent,                    No. 2:03-cr-0508-LKK-JFM

    vs.

MANUEL JIMINEZ-GAONA,

    Movant.                      <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

Movant is a federal prisoner proceeding pro se with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On May 26, 2004, movant was convicted by a jury of being a deported alien found in the United States in violation of 8 U.S.C. § 1326(a). On October 19, 2004, the district court sentenced movant to 92 months in prison. Movant appealed the judgment. By order filed in the court of appeals on October 21, 2005[1], the matter was remanded for resentencing. The court of appeals' order provided in relevant part:

> Because [petitioner] was sentenced under the then-mandatory Sentencing Guidelines, and we cannot reliably determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory, we remand to the sentencing court to answer that

---

[1] That order was filed in this court on November 16, 2005.

1

question, and to proceed pursuant to *United States v. Ameline*, 409 F.3d 1073, 1084 (9th Cir. 2005) (en banc).

United States of America v. Manuel Jimenez-Gaona, No. 04-10595, slip op. at 2. On March 28, 2006, the district court resentenced petitioner, this time to 75 months in prison. Petitioner appealed that sentence. By order filed May 14, 2007, the sentence was affirmed by the court of appeals. Petitioner filed the instant motion on January 28, 2008, challenging the 75-month sentence on several grounds.

Movant first contends that he is entitled to a downward departure from the guidelines sentence pursuant to 18 U.S.C. § 3553(b), which authorizes departures from guideline sentences when aggravating or mitigating circumstances exist that were "not adequately taken into consideration by the Sentencing Commission in formulating the guidelines. . . ." 18 U.S.C. § 3553(b). Movant relies on cases holding that the rule announced in Blakeley v. Washington, 542 U.S. 296 (2004) applies to sentences imposed under the federal sentencing guidelines including, inter alia, United States v, Ameline, 376 F.3d 967 (9th Cir. 2004), amended and superseded on rehearing, 400 F.3d 646 (9th Cir.2005).

Movant has already been resentenced pursuant to an appellate order of remand authorizing the district court to exercise discretion under Ameline, rather than to treat the sentencing guidelines as mandatory. Movant has made no showing of any additional mitigating circumstances not considered by the district court, nor has he provided any other support for his assertion that he is entitled to an additional downward departure under 18 U.S.C. § 3553(b) or Blakeley.

Movant next contends that he is "entitled to a post conviction downward departure under U.S.S.G. 5K2.19." § 2255 Motion, filed January 28, 2008, at 3. That section expressly provides that it is not a basis for downward departure at resentencing. See id. This contention is without merit.

/////

Finally, movant contends that he received ineffective assistance of counsel when he "detrimentally" relied on his counsel's advice and pled guilty. § 2255 Motion at 5. Movant was convicted after a jury trial. This claim is without merit.

For all of the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Movant's January 28, 2008 motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 be denied; and

2. The clerk of the court be directed to close the companion civil case No. 2:08-cv-0203-LKK-JFM.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 8, 2010.

UNITED STATES MAGISTRATE JUDGE

12
jime0508.257